IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE COMMITTEE CONCERNING COMMUNITY IMPROVEMENT, *et al.*,<br><br>    **Plaintiff**s,<br><br>    v.<br><br>CITY OF MODESTO, COUNTY OF STANISLAUS, AND STANISLAUS COUNTY SHERIFF,<br><br>    **Defendant**s. | CV F 04-6121   AWI DLB<br><br>MEMORANDUM ORDER AND OPINION ON PLAINTIFFS' REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART LEAVE TO FILE THIRD AMENDED COMPLAINT AND RELATED ORDERS<br><br>Doc. # 160 |

This is an action for declaratory and injunctive relief by plaintiffs Committee Concerning Community Improvement, et al. ("Plaintiffs") against the City of Modesto, County of Stanislaus and the Stanislaus County Sheriff ("Defendants"). Plaintiffs have alleged five claims for relief based on Defendants' alleged failure to provide a comparable level of municipal services to residents of certain unincorporated neighborhoods in the vicinity of the City of Modesto that are populated predominantly by Hispanic residents. On October 27, 2006, Plaintiffs filed a motion for leave to file a third amended complaint. On December 29, 2006, the Magistrate Judge filed an order granting in part and denying in part Plaintiffs' motion to file a third amended complaint (the "December 29 Order"). In the instant motion, Plaintiffs' request reconsideration of those portions of Plaintiffs' motion that were denied by the December 29 Order.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The procedural history and factual background of this case is fully set forth in the December 29 Order and need not be repeated here. Plaintiffs generally allege that Defendants have engaged in practices with respect to the provision of county and municipal services, including sewage services, police services, bilingual services, street lighting, installation of sidewalks, and refuse abatement services that discriminate against residents of predominantly Latino unincorporated areas near, or adjacent to, incorporated areas of Modesto.

Of relevance to the instant motion, on August 8, 2004, the court dismissed Plaintiffs' claim for relief pursuant to the Fair Housing Act, dismissed all claims against individually-named defendants, and dismissed Plaintiffs' claim for discriminatory annexation. The currently operative SAC was filed on May 24, 2005, and does not state a Fair Housing Act claim, a discriminatory annexation claim, or any claims based on an alleged obligation of municipalities to provide the same services to unincorporated areas that it provides to incorporated areas. On August 17, 2006, defendant City of Modesto filed a motion for summary adjudication on Plaintiffs claims for discrimination in the provision of police services and provision of bilingual assistance in police services. On October 27, 2006, Plaintiffs filed their motion for leave to file a third amended complaint ("TAC"). As summarized in the December 29 Order, the TAC proposed by Plaintiffs would:

1. Delete the names of five individual plaintiffs who have withdrawn and clarify that Plaintiffs do not seek an award of attorneys' fees incurred by California Rural Legal Services;

2. Clarify and make more precise allegations concerning Defendants' failure to provide municipal services in a non-discriminatory manner, including through the addition of details concerning the City of Modesto's ("City's") implementation of its "Measure M" policy, the City's failure to provide infrastructure in the Plaintiff neighborhoods,

and the role played by the exclusion of the Plaintiff neighborhoods from the "Master Tax Sharing Agreement" entered into by City and Stanislaus County;

3. Make explicit Plaintiffs' claim that City and County defendants are jointly liable with respect to discrimination concerning law enforcement services and related bilingual services, based on the Joint Powers Agreement.

4. Make explicit their theory that City and County are jointly liable with respect to *all* causes of action based upon their deep entwinement and interdependence; and

5. Add a new claim for perpetual segregation under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(a).

Doc. # 177 at 4.

The Magistrate Judge's December 29 Order granted Plaintiffs' motion to amend as to item #1, deletion of the named individual defendants, without objection. The court also granted Plaintiffs' motion to amend as to item #2, the clarification of allegations concerning Defendants' failure to provide services in a non-discriminatory manner, except that the court specifically ordered that "the amendments SHALL NOT be made in connection with Plaintiffs' assertion of a joint liability theory or perpetual segregation claim." Doc. # 177 at 6:27. The magistrate Judge's December 29 Order denied Plaintiffs' motion to amend as to all remaining items, numbered 3, 4, and 5, above.

The instant motion for reconsideration was filed by Plaintiffs on January 16, 2007, and challenges those portions of the Magistrate Judge December 29 Order that denied leave to amend as to items 3, 4, and 5, above. Defendants filed their opposition to Plaintiffs' motion for reconsideration on January 30, 2007. On the same date, Defendants also filed a statement of withdrawal of their motion for summary adjudication on the issues of discriminatory provision of police services and discriminatory provision of bilingual assistance in connection with police services.

**LEGAL STANDARD**

Motions to reconsider are committed to the discretion of the trial court.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987).   To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  As such, the court may only set aside those portions of the Magistrate Judge's order that are either clearly erroneous or contrary to law.  Fed.R.Civ.P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non- dispositive pretrial matters that are reviewed for clear error under Rule 72(a)).

**DISCUSSION**

**I. Magistrate Judge's Denial of Leave to Amend by Making Explicit Plaintiffs' Theory of Joint Liability Based on Joint Powers Agreement**

Plaintiffs' proposed TAC purports to make explicit Plaintiffs' theory of joint county/municipal liability based on the Joint Powers Agreement that had been entered into by the municipal and county Defendants (the "JPA claim").  The Magistrate Judge's December 29 Order denied leave to amend to more explicitly set forth their JPA claim, primarily because Plaintiffs admitted "they have known about the Joint Powers Agreement theory of joint liability since November 2005, when Plaintiffs disclosed [the theory] in discovery." Doc.# 177 at 7:20-7:21.  The Magistrate Judge's December 29 Order did not directly find

prejudice specifically with respect to Plaintiffs' request for leave to add allegations regarding the Joint Powers Agreement, however the December 29 Order agreed with Defendants' contention that amendment of the claims as proposed generally would involve significant new discovery and therefore would be prejudicial. The Magistrate Judge also noted that the timing of the motion to amend appeared to be an effort to moot the Defendants' pending motion for summary judgment.

Plaintiffs contend that delay, by itself, is an insufficient reason to deny leave to amend, and that, to the extent the Magistrate Judge found amendment to make the JPA claim explicit is prejudicial, that finding was clearly erroneous. Defendants do not disagree with Plaintiffs' contention that undue delay, by itself, is not sufficient reason to deny leave to amend. However, as Defendants point out, undue delay resulting in prejudice to the opposing party does constitute sufficient reason to deny leave to amend. See Bowles v.Reade, 198 F.3d 752, 758 (9th Cir. 1999) (there must be a contemporaneous finding of prejudice to the opposing party, bad faith by the moving party, or futility to justify denial of leave to amend).

Defendants contend, and the Magistrate Judge agreed, that amendment of the SAC to make explicit the JPA claim would be prejudicial because significant additional discovery and analysis would be necessary by the opposing parties. County of Stanislaus alleges that Plaintiffs' motion to amend was purposefully delayed until after the October 6, 2006, deadline for non-expert discovery and that questions of Plaintiffs' expert regarding 911 dispatch were not asked during depositions specifically because the SAC made it apparent to the county Defendants that the Joint Powers Agreement was not relevant to the issues pertaining to 911 service.

Plaintiffs counter Defendants' claim of prejudice by alleging Defendants knew of the JPA claim's potential existence long before cutoff and had ample opportunity to conduct appropriate discovery on that issue. The court must reject Plaintiffs' argument. If the SAC alleged claims that were sufficient to put Defendants on notice of Plaintiffs' allegations

5

regarding their JPA theory of joint liability, then further amendment is superfluous and unnecessary.  If, on the other hand, the JPA claim is not sufficiently alleged in the SAC to constitute notice (an issue not currently before the court), then the pleading in the SAC was insufficient to give rise that Defendants had any reason to conduct discovery on Plaintiffs' JPA claim.  In short, either the SAC is sufficient as it is to state Plaintiffs' JPA claim for joint liability, or amendment of the claim would be prejudicial as additional discovery would be required to defend the claim.

The Magistrate Judge determined that amendment of Plaintiffs' JPA claim would be prejudicial to Defendants.  Plaintiffs have presented neither facts or argument to show that the Magistrate Judge's determination was clearly erroneous.

Having found the Magistrate Judge's decision to deny Plaintiffs' motion to amend the SAC to more explicitly state its JPA claim would be prejudicial to Defendants is not clearly erroneous, the court need not address Plaintiffs' alternative argument that the delay in filing was not for the purpose of derailing Defendants' motion for summary judgment.

**II. Plaintiffs' Motion to Amend to State a Theory of Joint Liability Based on Entwinement**

Plaintiffs motion to amend sought to add allegations to support their theory that the city and county entities are jointly liable with respect to all claims for relief because of their deep entwinement and interdependence.  The Magistrate Judge examined the cases cited by Plaintiffs; Burton v. Wilmington Parking Auth., 365 U.S. 715 (1961); and Brentwood Academy v. Tennessee Secondary School Athletic Assn., 531 U.A. 288 (2001).  The Magistrate Judge determined that these cases stand for the proposition that the actions of a private actor may be held to be state actions for purposes of a Fourteenth Amendment due process claim if the relationship of the public entity and the private actor are so intertwined that the actions complained of are the actions of "joint participants." Burton, 365 U.S. at 725.  The Magistrate Judge specifically rejected Plaintiffs' contention that Burton and

6

Brentwood can be interpreted as standing for the proposition that parties whose relationship is deeply entwined are *jointly liable* for the discriminatory acts of the other.

The court has examined the Magistrate Judge's ruling and the cited case authority and finds the Magistrate Judge's interpretation of the cited case authority is not clearly erroneous. Contrary to Plaintiffs' contention, Burton does not specifically hold that the deeply entwined actors are *jointly liable* with respect to each other's discriminatory acts. Burton holds that where the "state has so far insinuated itself into a position of interdependence with [the private actor] that it must be recognized as a *joint participant* in the challenged activity, which, on that account, cannot be considered to have been so 'purely private' as to fall without the scope of the Fourteenth Amendment." Burton, 365 U.S. at 725 (italics added). The Magistrate Judge rightly interpreted both Burton and Brentwood to illustrate factual circumstances where private actions could be considered state actions for purposes of the Fourteenth Amendment. Plaintiffs present no authority for the proposition that the phrase "joint participant" as quoted above is synonymous with "jointly liable." In the context of that sentence, the term "joint participant" is obviously in reference to the nature of the enterprise as state or private, not to the liability of the parties as joint or separate.

Plaintiffs' contend that the Magistrate Judge ruled contrary to law when he refused to extend the holdings in Burton and Brentwood to impose joint liability on actors whose relationship is closely entwined, regardless of the public/ private or public/public status of the actors, because the Magistrate judge presented no principled reason why the holdings in those cases should not be extended. Plaintiffs present no authority for the implied proposition that there exists an obligation to expand an authoritative holding unless a reason can be given for not doing so. The Supreme Court has consistently read Burton and its progeny narrowly. Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1451 (10th Cir. 1995). The Magistrate Judge was not contrary to law for doing likewise.

Plaintiffs also argue that, even if the Magistrate Judge's December 29 Order was not

erroneous with respect to its interpretation of Burton and Brentwood, the decision was nonetheless contrary to law with respect to the Magistrate Judge's order granting leave to plead additional facts with regard to the discriminatory nature of the Master Tax Sharing Agreement ("MTSA"), to which both the city and county are signatory, and yet prohibiting the allegation of joint liability on the basis of the additional facts pled.

Plaintiffs' argument confuses the legal basis for the imposition of joint liability with the factual predicate for such a claim. The Magistrate Judge has ruled that Plaintiffs are not granted leave to amend the complaint to plead any of the legal theories of joint liability proposed by Plaintiffs in their motion to amend. The court has found the Magistrate Judge's decisions are not contrary to law. Plaintiffs' therefore lack a *legal basis* to assert any theory of joint liability that is not currently pled in the SAC, regardless of the proposed factual predicate. Thus, the Magistrate Judge was not clearly erroneous or contrary to law in ordering that any additional facts pled with respect to the MTSA could not be asserted with respect to any theory of joint liability.

**III.  Plaintiffs' Additional Claim for Perpetual Segregation**

Plaintiffs' motion to amend seeks to add a new claim pursuant to the Fair Housing Act ("FHA") 42 U.S. C., section 3601 et seq., for perpetuation of segregation. Both Plaintiffs' request for reconsideration and the Magistrate Judge's December 29 Order focus on a trio of cases that together describe the limitation of applicability of the FHA to Plaintiffs' claim: Metropolitan Housing Dev. Corp. v. Village of Arlington Heights, 558 F.2d 1283 (7th Cir. 1977); Huntington Branch NAACP v. Town of Huntington, 844 F.2d 926 (2nd Cir. 1988); and Cox v. City of Dallas, 430 F.3d 734 (5th Cir. 2005).

The primary issue raised by Plaintiffs' motion to amend the complaint to add a claim under the FHA is whether any provision of the FHA supports a stand-alone claim of perpetuation of segregation. The court relied primarily on Cox for the proposition that the FHA "is designed to ensure that no one is denied the right to live where they choose for

8

discriminatory reasons, but it does not protect the intangible interests in the already-owned property that is raised by the plaintiffs' allegations." Cox, 430 F.3d at 740 (citing the holding in Southend Neighborhood Improvement Ass'n v. County of St. Clair, 743 F.2d 1207, 1210 (7th Cir. 1984)).  The Magistrate Judge's December 29 Order discussed at some length the cases Plaintiffs rely upon, Arlington Hights and Huntington, in light of Cox.  In Arlington Hights, the court was concerned with the refusal of a local zoning agency to rezone plaintiffs' property to *permit the construction* of federally financed low-cost housing." 558 F.2d at 1285 (italics added).  The court found that, the Village's decision "constituted a greater deprivation of housing opportunities for black people than for white people," id. at 1286, and that such a decision violated the FHA.  A similar decision obtained in Huntington where a zoning regulation by a predominantly white town effectively prohibited the building of privately constructed, low-cost multi-family dwellings in the small area of the town that was primarily black.  The Huntington court found the town's refusal to rezone to permit the low-cost housing "impedes integration by restricting low-income housing needed by minorities to an area already 52% minority." Huntington, 844 F.2d at 937-938.  The court held, "[w]e thus find that [Town of] Huntington's refusal to amend the restrictive zoning ordinance to *permit* privately-built multi-family housing outside the urban renewal area significantly perpetuated segregation in the Town." Id. at 938 (italics added).

Reading both Arlington Hights and Huntington in light of Cox, the Magistrate Judge concluded that FHA provides no stand-alone claim for perpetuation of segregation where, as in the case at bar, the agency action or inaction does not *restrict* protected classes from housing, but rather fails to carry out actions such as annexation or sewage extensions, that would *enhance* the value of existing housing that already belongs to the protected class.  Plaintiffs, citing the same cases, argue a different interpretation, but their arguments fail to carry their burden to show that the Magistrate Judge's interpretation of these cases was contrary to law.

The Magistrate Judge's December 29 Order also found that Plaintiffs' motion for leave to amend the complaint to state a new claim for perpetual segregation must be denied because of prejudice to Defendants. Plaintiffs dispute the Magistrate Judge's finding of prejudice, but offer no real evidence to refute the finding. The opposition briefs of both defendant parties also make a convincing case for a finding of prejudice. The court finds Plaintiffs' have not carried their burden to show the Magistrate Judge's finding of prejudice is clearly erroneous.

In light of the foregoing discussion, it is hereby ORDERED that:

1. Plaintiffs' motion for reconsideration of the Magistrate Judge's December 29 Order is DENIED.

2. The clerk of the court shall return to Plaintiffs the proposed Third Amended Complaint that was lodged with the court on January 16, 2007. Doc. # 180.

3. Plaintiffs shall file and serve a Third Amended Complaint that complies with the Magistrate Judge's December 29 Order not later than ten (10) days from the date of service of this order.

4. Defendants have submitted notice of withdrawal of their motion for summary judgment. This motion for summary judgment is therefore hereby DENIED as moot. Doc. # 127.

5. Plaintiffs' request for hearing on their motion for reconsideration is hereby DENIED. Doc. # 184.

6. Defendants' answer to Plaintiffs' proposed Third Amended Complaint is hereby ordered STRICKEN. Doc. # 185.

IT IS SO ORDERED.

Dated:     February 8, 2007                     /s/ Anthony W. Ishii
0m8i78                                          UNITED STATES DISTRICT JUDGE