# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE COMMITTEE CONCERNING COMMUNITY IMPROVEMENT, et al, <br><br> Plaintiffs, <br> vs. <br><br> CITY OF MODESTO, et al, <br><br> Defendants. <br> _____/ | CASE NO. CV-F-04-6121 LJO DLB <br><br> **ORDER ON MOTIONS TO REVIEW CLERK'S BILL OF COSTS** |

Pursuant to Notice filed on October 23, 2007, Defendant County of Stanislaus and the Stanislaus County Sheriff ("County") seek the Court's review of the Clerk's Bill of Costs. Also on October 23, 2007, Plaintiffs filed a motion for the Court's to review the Clerk's Bill of Costs. On November 12, 2007, Defendant City of Modesto ("City") filed an opposition to plaintiff's motion to review costs. (Doc. 450.) On November 13, 2007, the County filed an opposition to plaintiff's motion. (452.) Plaintiff filed an opposition to defendant County's motion on November 13, 2007. (Doc. 454.) Plaintiff filed a reply to their motion on November 20, 2007. (Doc. 455.) Defendant County filed a reply to its motion on November 21, 2007. (Doc. 458.) Pursuant to Local Rule 78-230(h), this matter was submitted on the pleadings without oral argument and the hearing vacated. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

## FACTUAL AND PROCEDURAL OVERVIEW

This action involved declaratory and injunctive relief by plaintiffs The Committee Concerning Community Improvement, South United Neighbors and individuals living in certain unincorporated

areas in the County of Stanislaus against the County and the City. The individual plaintiffs reside in unincorporated County islands within the City of Modesto's sphere of influence. The unincorporated islands are primarily inhabited by Latinos. Plaintiffs allege that these Latino neighborhoods receive fewer and poorer public services than other neighborhoods in Modesto with predominantly white populations in violation of the Equal Protection clause of the United States Constitution. The public services include lack of sidewalks and street lights, lack of effective law enforcement, lack of bilingual services, inadequate storm drainage and sewage disposal, use of the Latino neighborhoods as dumping grounds. Among the harms alleged is that the lack of adequate law enforcement protection and adequate street lighting, the few open spaces that exist in some of these Latino Neighborhoods have become magnets for prostitution and drug use, creating, among other things, a dangerous environment for children.

In a series of dispositive motions, this Court granted summary judgment on the federal claims for each of the challenged public services. The Court then dismissed the remaining state law claims for resolution is a state court forum.

**A.   County's Cost Bill**

On August 31, 2007, County filed its cost bill seeking a total of $106,351.78 in costs. (Doc. 434.) Initially, County sought costs as follows:

| | |
|---|---:|
| Fees for Service of summons and subpoena | $     942.04 |
| Fees for court reporter | $  18,484.20 |
| Fees for exemplification | $  86,041.04 |
| Compensation of interpreters | $     884.50 |
| Total costs | 106,351.78 |

On October 16, 2007, the clerk taxed costs in favor of the City as follows (Doc. 443):

| | |
|---|---:|
| Fees for Service of summons and subpoena | $     707.04 |
| Fees for court reporter | $  16,215.91 |
| Fees for exemplification | $   4,094.55 |
| Compensation of interpreters | $     884.50. |
| Total Costs Taxed in County's favor | 21,902.00 |

**B.     City's Bill of Costs**

On August 30, 2007, the City filed its cost bill:

| | | |
|---|---|---:|
| Fees for court reporter | $ | 9,798.15 |
| Fees for exemplification | $ | 582.80 |
| Total | | 10,380.95 |

On October 16, 2007, the clerk taxed costs in favor of the County as follows (Doc. 444):

| | | |
|---|---|---:|
| Fees for court reporter | $ | 9,525.35 |
| Fees for exemplification | $ | 582.80 |
| Total | | 10,108.15 |

## ANALYSIS

Fed.R.Civ.P 54(d)(1) states:

> "Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

The types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. §1920.  In pertinent part, 28 U.S.C. §1920 states:

A judge or clerk of any court of the United states may tax as costs the following:

(1) Fees of the clerk or marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

. . .

District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs. *See, e.g., Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir.1993).

/////

**A.    Plaintiffs' Motion to Deny Costs**

Here, plaintiffs argue that both the City of Modesto's and the County of Stanislaus' costs should be denied based upon public policy reasons. Plaintiffs argue that the Court should exercise its discretion and deny all costs based upon the plaintiffs' limited financial resources, the chilling effect of imposing costs on future civil rights litigants and the public importance of the issues raised. Plaintiffs note that the issues in the case were close and difficult, that the filing of the lawsuit had some beneficial effect in that additional services were provided, and that the state law claims remain to be tried in the state court. (Doc. 449, Plaintiffs' Motion p.2.)

Costs are recoverable by the prevailing party "unless the court otherwise directs." Fed.R.Civ.P. 54(d); *Association of Mexican–American Educators v. State of Calif.*, 231 F.3d 572, 591 (9th Cir. 2000)(en banc). Although prevailing defendants are normally entitled to their costs in civil rights actions, a court's discretion to deny a costs award against an unsuccessful plaintiff has been upheld where the issues were of the "gravest public importance" and the costs "extraordinarily high." Mandating an award to defendant in such cases "might have the regrettable effect of discouraging potential plaintiffs from bringing such cases at all." *Stanley v. University of So. Calif.*, 178 F.3d 1069, 1079 (9th Cir. 1999), *cert. denied*, 528 U.S. 1022 (1999); *Association of Mexican–American Educators v. State of Calif.*, 231 F.3d at 593.

Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party. *Majeske v. City of Chicago*, 218 F.3d 816, 818 (7th Cir. 2000), *cert. denied*, 531 U.S. 1079 (2001). District court can reduce or deny prevailing party costs were the losing party is indigent. *Association of Mexican-American Educators,* 231 F.3d at 592. There are no hard and fast rules for assessing a losing party's indigence or inability to pay.

Here, plaintiffs acknowledge that they are not indigent. (Doc. 449, p. 3.) Therefore, plaintiffs' limited financial resources is a socialistic argument rather than a legal one. Thus, on the basis of indigence, the Court denies the request.

Plaintiffs' second argument is that costs will have a chilling effect upon people willing to bring important civil rights litigation.

In *Arakaki v. Lingle*, 477 F.3d 1048, 1069 (9th Cir. 2007), the Court affirmed an order awarding

4

$5300 in costs against civil rights plaintiffs. Citizens of Hawaii had brought a civil rights action challenging state programs which gave preferential treatment to persons of Hawaiian ancestry in violation of equal protection principles. After dismissing the entire case, the trial court awarded costs against plaintiffs. On appeal, plaintiffs argued, as do plaintiffs here, that imposing such costs would have a "chilling effect" on civil rights litigation. The court disagreed, "Plaintiffs have not demonstrated that the award of such modest costs, divided among multiple plaintiffs, constitutes an abuse of discretion." *Id.* In *Arakaki*, the court did not find that an award of costs should be based on the "chilling effect."

The chilling effect argument works both ways. If the Court were to deny the costs because the filing of the law suit improved conditions for all, then cities and counties would be punished for pursuing remedial measures while a law suit is pending. This result would have a chilling effect on cities and counties taking action for the good of the public while suits are pending. In addition, if the effect of making someone pay for filing a spurious law suit and costing public coffers huge sums of money to defend them is that fewer such suits will be attempted, this is precisely the purpose of the costs being allowed and awarded. While the issues of segregation and discrimination are indeed important issues, there must still be a legal basis for filing a suit based on the facts that exist. In the instant case, the Court granted summary judgment on all federal claims. Therefore, the Court found that no factual basis for the law suit existed.

In addition, in *Arakaki*, the Court noted that there were multiple plaintiffs among which the costs could be divided. Likewise, here, there are multiple plaintiffs in the action. While the costs in this case are greater than in *Arakaki*, the costs reflect the broad extent of the allegations and the vigorous defense. For these reasons, the Court will exercise its discretion to award costs. Plaintiffs' motion to deny costs will be denied.

**B.    County's Motion for Review of Taxation of Costs**

County requests the Court review the fees disallowed for "exemplification" and fees related to exemplification of paper documents.

    **1.    Fees for the Services of Applied Discovery**

First, County asks for an additional $13,445.00 for costs incurred for the services of Applied

Discovery, which includes costs arising out of the upload, translation and refinement of e-mail which defendant produced in discovery to plaintiffs. The County no longer asks for the full $86,041 for exemplification costs, but asks that the amount awarded by increased by $13,445. County argues that Applied Discovery was used to synthesize and upload over a million e-mails requested by plaintiffs which were housed on the County's four server systems. (Doc. 447, County's Moving papers p. 4-6.) County also argues that Applied Discovery's electronic scanning and imaging is "exemplification" because electronic data are "documents." (See 1970 Advisory Comm. Notes of Fed.Rule. of Civl.Proc. 34.) County argues that it only seeks the costs of retrieving and producing e-mails pursuant to plaintiffs' discovery requests. County seeks further exemplification costs as follows:

| | |
|---|---|
| Upload fee for electronic data | $6,480.00 |
| Upload fee for electronic data | $1,440.00 |
| Image Export set up fee | $ 275.00 |
| Project Set up fee | $ 250.00 |
| Groupwise PO set up | $1,000.00 |
| Technical time by Applied Discovery staff | $4,000.00 |
| TOTAL | 13,445.00 |

From the Court's review of the invoices for which defendant seeks as costs (Doc. 448, Cassidy Decl. Exh B and C), there is little explanation of the costs. For instance, the invoice states that $6,480.00 and $1,440.00 were incurred for "Upload Fee Per Gig." (Doc. 448, Cassidy Decl. Exh B and C). Mr. Cassidy states that these invoices are for services rendered in conjunction with production of County e-mails. The invoices contain other descriptions of services provided which are clearly not "exemplification," such as "Online review," "Technical Time."

The definition of exemplification is not broad. Unless otherwise authorized by statute or contract, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 USC § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–442, 107 S.Ct. 2494, 2497–2498 (1987). The district court has no discretion to award costs not authorized by statute or contract. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. at 445. There is authority that electronic

data and scanned date are considered "exemplification."  See *El Dorado Irrigation Dist. v. Traylor Bros., Inc.*, 2007 WL 512428, *10 (E.D.Cal. 2007) (scanning is akin to photocopying. The purposes of the two methods are largely the same, to reproduce a document so that it may also be utilized by multiple parties and individuals.); *BDT Products v. Lex mark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (electronic scanning and imaging could be interpreted as "exemplification and copies of papers.")

While there is authority "exemplification" includes electronic data and scanning, the Court has not been provided with any competent explanation of the invoice.  It is defendant burden of proof on costs. *English v. Colorado Dept. of Corrections*, 248 F.3d 1002, 1013 (10th Cir. 2001).  Certainly, set up fees and technical time do not involve exemplification.  For other item on the invoice, such as "image export set up fee," no explanation is provided.  The Court exercises its discretion to deny this cost.

In further support of their position, plaintiffs cite *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996), *cert. denied*, 519 U.S. 1090 (1997) for the proposition that the intellectual effort involved in the production is not a proper cost.  In *Zuill*, defendant paid $3,661 to another law firm to get certified copies to prove copyright registration. The Ninth Circuit denied recovery for the full amount: "Fees for exemplification and copying are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Id.* at 1371.  The Court permitted recovery for "Copyright Office fees and expenses of photocopying the documents and shipping them to defense counsel," but denied the payment to the other attorneys fees and related "intellectual effort involved in their production." Thus, the cost of conducting the research and analysis eventually reflected in the exhibit is not recoverable cost, but the cost of actually preparing the exhibit itself is recoverable.

The Court agrees that some of the items on the Applied Discovery invoices appear to be intellectual efforts and are not exemplification.

Defendant argues that fairness dictates that having sorted through one million e-mails originally uploaded from the County's e-mail system, defendant has born an "undue hardship" in responding to plaintiffs' discovery requests. Defendant argues that it had "no choice but to accommodate [plaintiffs'] demands." (Doc. 447, County's Moving Papers, p. 7.)

The remedy, however, was during discovery.  The remedy was for defendants to move the Court for a protective order or object on the basis of undue hardship. Fed.R.Civ.P. 26(b)(2); 26( c). The

7

1 remedy does not include remaining silent through hardship and attempting to shift a cost which County
2 voluntarily incurred. The Federal Rules of Civil Procedure do not require that a party respond to
3 discovery and produce at any cost. Fed.R.Civ.P. 26(b)(2)(B) ( A party "need not provide discovery" of
4 electronically-stored information from sources that the party identifies as "not reasonably accessible
5 because of undue burden or cost.") Accordingly, the clerk properly taxed the costs.

**2.     Exemplification Costs for Paper Documents**

County also argues that costs incurred for the copying of paper documents for production to plaintiffs should be added. Specifically, County asks for most of the costs for copying 35,307 pages of documents that resulted from plaintiff's discovery. (Doc. 447, County Memorandum p.9.) County argues that costs improperly denied include:

(A) Defendants production of documents in response to request for production of documents, Set One;

(B) Defendant's first supplement response to request for production of documents, Set one;

( C) Defendants' production of documents in response to request for production of documents, set three;

(D) Defendants' production of documents in response to request for production of documents, set five.

County asks that the Court award an additional $4,420.43 for exemplification of paper documents. Defendant presents evidence that this cost arose out of copying over 35,000 pages of documents in response to plaintiffs' document requests.

As a general rule, expenses of copying pleadings, correspondence, exhibits and other documents filed with the court and tendered to the opposing party are taxable as costs, provided the copies are "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991). Courts allow recovery of photocopying costs even if the underlying document was never used at trial. *Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc*., 920 F.2d 587, 588  (9th Cir. 1990) (rejecting argument that copied documents must be introduced into the record to be an allowable cost). Section 1920(4) enables a court to award copying costs for any document "necessarily obtained for use in the case" and does not specifically require that

the copied document be introduced into the record to be an allowable cost. *Id.* "Exemplification," includes exhibits and other illustrative materials. *Maxwell v. Hapag–Lloyd Aktiengesellschaft, Hamburg*, 862 F2d 767, 770 (9th Cir. 1988). *Accord Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1010 (9th Cir. 1998).

Here, defendant County submitted invoices which demonstrate the costs are associated with copying charges for the production of 35,000 pages during discovery. (Doc.448, Dec. Cassidy, Exh. E, G, I, K.) Defendant presents evidence that each invoice corresponds to the production of documents to plaintiffs during discovery. Each invoice denotes that the copying charges relate to "Litigation Copies." (*Id.*) Plaintiffs do not argue against the additional costs for litigation copies. Plaintiffs do not dispute whether or not the 35,000 copies were necessary for the use in the case. Accordingly, the Court finds that these copies were made in the necessary use of the case to respond to discovery. The amount of $4,420.43 will be allowed.

**C.    Plaintiffs' Request to Disallow Certain Deposition Costs**

Plaintiffs request the Court limit the taxable deposition costs to those "necessarily obtained for use in the case." Plaintiffs argue the cost award should be reduced by $4,388.71 for the County and reduced by $2,277.40 for the City. Plaintiffs argue that the cost should not include depositions taken for the purpose of discovery and should be limited to those depositions actually used in the summary judgment proceedings. (Doc. 449, P.4.) Plaintiff argues that only those depositions transcripts used in the summary judgment proceedings should be allowed.

Deposition transcripts are taxable as costs under 28 U.S.C. § 1920(2); *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998) (Trial court did not abuse its discretion in awarding costs for trial exhibits, photocopies, court reporter fees, and deposition transcripts.) Plaintiffs cite *Washington State Dept. of Transp. v. Washington Natural Gas Co., Pacificorp*, 59 F.3d 793, 806 (9th Cir. 1995) for the proposition that limiting the award of costs to only those depositions used at trial is not an abuse of discretion.

*Washington State Dept. of Transp. v. Washington Natural Gas Co., Pacificorp* merely stands for the proposition that the district court acts within its discretion by awarding deposition transcript costs to those used at trial. It does not preclude the Court from awarding other deposition costs.

In this case, defendants City and defendant County, moved the court, either jointly or separately, in five summary judgment motions. Each motion covered a broad spectrum of publicly provided services, and provided historical, financial, geographic and situational evidence and data for this Court to consider and rule upon. Plaintiffs challenged County's and City's policies regarding funding and construction of public infrastructure (sewers, storm drains, curbs and gutters, and sidewalks). Plaintiffs challenged the Master Tax Sharing Agreement and Annexation policies. Plaintiffs challenged the policies and practices of provision of sewer services. Plaintiffs challenged that the County and Sheriff deprived them of equal law enforcement protective services and bilingual services. Plaintiffs challenged the County's provision of parks and use of state government funding. Based upon the scope and extent of the motions the Court ruled upon, the Court finds that it would be an abuse of discretion NOT to permit the deposition costs. Accordingly, the Court will not reduce the amount awarded by the Clerk.

## **Conclusion**

For the foregoing reasons, the Court orders as follows:

1. Plaintiffs' motion for the Court to exercise discretion and deny costs is DENIED.
2. For the fees for the Services of Applied Discovery, the County asked for $13,445.00 additional costs, the Court awards $0.00 additional costs.
3. For the Exemplification Costs for Paper Documents, the County asked for $4,420.43 additional costs, the Court awards $4,420.43 additional costs.
4. Plaintiffs' Request to disallow certain deposition costs is DENIED.
5. In all other respects, the clerk's Bill of Costs shall remain in force and effect.

IT IS SO ORDERED.

**Dated:   December 11, 2007**               **/s/ Lawrence J. O'Neill**
                                             UNITED STATES DISTRICT JUDGE