**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE COMMITTEE CONCERNING COMMUNITY IMPROVEMENT, et al,<br><br>  Plaintiffs,<br>  vs.<br><br>CITY OF MODESTO, et al,<br><br>  Defendants.<br>_____ / | CASE NO. CV-F-04-6121 LJO DLB<br><br>**ORDER REGARDING CURRENT STATUS OF SR911** |

### BACKGROUND

Consolidated Emergency Dispatch Agency, erroneously sued as Stanislaus Regional 911, ("SR911") was named in a single count in the original complaint in this action. Plaintiffs alleged that SR911 violated the Federal Housing Act, 42 U.S.C. §3604(b) ("FHA"). In an October 30, 2004 order ("2004 Order"), now-retired United States District Judge Robert E. Coyle, *inter alia*, dismissed Plaintiffs' FHA claim without leave to amend, finding that plaintiffs could not pursue post-acquisition discrimination claims. In addition, because Plaintiffs only asserted an FHA claim against SR911, Judge Coyle dismissed FHA from this action. SR911 did not move for entry of judgment pursuant to Fed. R. Civ. P. 54(b), and no judgment was ever entered as to SR911.

Thereafter, Plaintiffs filed multiple amended complaints against defendants City of Modesto ("City") and County of Modesto ("County"). Plaintiffs did not name SR911 in subsequent amended complaints, and did not pursue the FHA claim that was dismissed with prejudice in the 2004 Order.

1  Plaintiffs proceeded on a third amended complaint that included five claims against City and County,
2  including: (1) intentional discrimination in violation of the equal protection clause of the Fourteenth
3  Amendment; intentional discrimination in violation of Title VI of the Civil Rights Act, 42 U.S.C.
4  2000(d); (3) violation of California's Fair Employment and Housing Act ("FEHA"); (4) violation of Cal.
5  Gov't. Code section 11135 in the provision of municipal services; and (5) common law and statutory
6  nuisance.

7  In four separate summary judgment orders, this Court entered judgment in favor of City and
8  County and against Plaintiffs on some of Plaintiffs' claims.  In addition, the Court declined to exercise
9  supplemental jurisdiction over Plaintiffs' state law claims once judgment was entered on the federal
10 claims.  Plaintiffs appealed.

11 Plaintiffs did not name SR911 as a party to the appeal, and omitted SR911's counsel from the
12 representation statement filed in the Ninth Circuit pursuant to Fed. R. App. P. 12(b) and Circuit Rule
13 3-2(b).  As a result, SR911 received no notice of the appeal or its briefing.

14 On October 8, 2009, the Ninth Circuit affirmed in part and reversed in party this Court's
15 summary judgment decisions.  In addition, the court reversed the 2004 Order, finding that the FHA does
16 apply to post-acquisition discrimination.  Accordingly, the Ninth Circuit reinstated the FHA claims, but
17 limited those claims to the allegations that supported the claims raised in a 2005 agreement between
18 Plaintiffs City and County. *Committee Concerning Improvement, et al. v. City of Modesto, et al.*, 583
19 F.3d 690, 715 (9th Cir. 2010).  The Ninth Circuit acknowledged that SR911 had been dismissed in 2004,
20 but did not address whether the order to reinstate the claim against SR911 also revised SR911 as a party.
21 *Id*. at 708 n. 12 ("The Dispatch Agency had previously been named as a defendant, but was dismissed
22 in an order in 2004.").

23 After the remand, among other things, this Court ordered the parties, including SR911, to brief
24 whether SR911 should re-enter this litigation in light of the Ninth Circuit's ruling.  SR911 argues that
25 it is not a proper defendant for two reasons: (1) Plaintiffs waived their FHA claim against SR911 by
26 omitting it from their amended complaints; and (2) SR911 would be prejudiced by having to defend
27 itself in this case.  In opposition, Plaintiffs argue that because the FHA claim was dismissed without
28 leave to amend, Plaintiffs could not assert it in their amended complaints and were not required to do

so to avoid waiver. In addition, Plaintiffs argue that SR911 has not articulated how it was prejudiced by its omission on the representation list during the appeal, and that SR911 will not be prejudiced if it were re-named as a defendant in this action.

### FINDINGS

Having considered the parties' arguments and the relevant case law, this Court makes the following findings:

1. Plaintiffs did not waive their FHA claim against SR911 by failing to assert the FHA claim against SR911 in their amended complaints. The FHA claim had been dismissed without leave to amend in the 2004 Order, and therefore Plaintiffs were not allowed to re-assert this claim at those times.

2. Plaintiffs' failure to name SR911 as a party to the appeal and Plaintiffs' omission of SR911 and its counsel on the appellate representation list violated SR911's basic due process right. SR911 had no opportunity to assert its position in the appellate proceeding. This is not affected by SR911's failure to speculate now what its appellate position might have been had they been able to participate in what is now non-binding discovery (i.e. non-binding on SR911).

3. SR911 is not a party to the current operative pleading, Plaintiffs' third amended complaint.

### CONCLUSION AND ORDER

Based on the foregoing, this Court concludes that SR911 is not a proper party to this action at this time.

As a collateral issue, **IF** Plaintiffs wish to amend the third amended complaint to conform with the Ninth Circuit opinion, Plaintiffs shall file an appropriate the amended complaint within **10 days** of the date that this order is filed.

IT IS SO ORDERED.

**Dated:   July 22, 2010**                    /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE