IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE COMMITTEE CONCERNING COMMUNITY IMPROVEMENT, et al, <br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF MODESTO, et al,<br><br>Defendants._____/ | CASE NO. CV-F-04-6121 LJO DLB<br><br>**ORDER ON PLAINTIFFS' MOTION TO FILE FOURTH AMENDED COMPLAINT** |

By notice filed on August 2, 2010, plaintiffs in this matter move to amend the complaint to assert a Fair Housing Act claim and to confirm and remove certain counts to conform to the Ninth Circuit's opinion in *The Committee Concerning Community Improvement v. City of Modesto*, 583 F.3d 690 (9th Cir. 2009). Defendant County of Stanislaus and the Stanislaus County Sheriff filed an opposition on August 18, 2010. Plaintiffs filed a reply brief on August 25, 2010. Plaintiffs ask leave to file plaintiffs' Fourth Amended Complaint to add defendant Consolidated Emergency Dispatch Agency ("SR911"). Plaintiffs state that SR911 was served, but it has not opposed this motion. Plaintiff argues that the motion should be granted because it is timely and does not cause prejudice to SR911. Pursuant to Local Rule 230(g), this motion is submitted on the pleadings without oral argument, and the hearing set for September 1, 2010 is VACATED. Having considered the moving, opposition and reply papers, as well as the Court's file, the Court issues the following order.

/////

1

**FACTUAL AND PROCEDURAL OVERVIEW**

Plaintiffs seek to file a Fourth Amended Complaint in the action following remand by the Ninth Circuit. This action was originally filed on August 18, 2004. Plaintiffs filed a complaint alleging numerous federal and state law causes of action, including violations of the Fair Housing Act ("FHA") for the Defendants' failure to provide municipal services to the plaintiff neighborhoods. The only claim alleged against SR911 was for violation of the FHA. The Fair Housing Act, 42 U.S.C. §3604, claim was dismissed by U.S. District Judge Coyle (now retired) on December 20, 2004. None of plaintiffs' succeeding complaints, the First Amended Complaint, or Second or the operable Third Amended Complaint, named SR911 as a defendant. These subsequent complaints also contained allegations of discriminatory provision of law enforcement and emergency services, yet SR911 was not named as a defendant in any cause of action. Plaintiffs took the position that the City and County were jointly liable for the provision of law enforcement services. Judge Coyle dismissed plaintiffs' FHA claim without leave to amend, finding that plaintiffs could not pursue post-acquisition discrimination claims. In addition, because Plaintiffs only asserted an FHA claim against SR911, Judge Coyle dismissed SR911 from this action. SR911 did not move for entry of judgment pursuant to Fed. R. Civ. P. 54(b), and no judgment was ever entered as to SR911.

Subsequently, in four separate summary judgment orders, this Court entered judgment in favor of City and County and against plaintiffs on some of plaintiffs' claims. As to the other claims, the Court declined to exercise supplemental jurisdiction over plaintiffs' state law claims once judgment was entered on the federal claims. Plaintiffs appealed.

On October 8, 2009, the Ninth Circuit affirmed in part and reversed in part this Court's summary judgment decisions. In addition, the Court reversed the December 20, 2004 Order, finding that the FHA applies to post-acquisition discrimination. Accordingly, the Ninth Circuit reinstated the FHA claims, but limited those claims to the allegations that supported the claims raised in a 2005 agreement between Plaintiffs City and County. *Committee Concerning Improvement, et al. v. City of Modesto, et al.*, 583 F.3d 690, 715 (9th Cir. 2010). The Ninth Circuit acknowledged that SR911 had been dismissed in 2004, but did not address whether the order to reinstate the claim against SR911 also revived SR911 as a party. *Id*. at 708 n. 12 ("The Dispatch Agency had previously been named as a defendant, but was dismissed

1  in an order in 2004.").

2  On June 18, 2010, in remanded proceedings, this Court exercised its discretion for supplemental
3  jurisdiction and reinstated the state law claims previously dismissed, including the claim for alleged
4  violation of the California Fair Employment and Housing Act.  This Court also ruled that SR911 is not
5  a party to the operative pleading.

6  Plaintiffs now move to file a Fourth Amended Complaint to add defendant SR911.

## ANALYSIS AND DISCUSSION

Fed.R.Civ.P. 15(a) provides that after service of a responsive pleading, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Granting or denial of leave to amend rests in the trial court's sound discretion and will be reversed only for abuse of discretion. *Swanson v. United States Forest Service,* 87 F.3d 339, 343 (9th Cir. 1996).  In exercising discretion, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

The party seeking leave to amend need only establish the reason why amendment is required ("justice" so requires).  The F.R.Civ.P. 15(a) policy to freely give leave to amend when justice so requires is to be applied with extreme liberality. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("It is, however, subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice").

**A.   Factors for Amendment**

The Ninth Circuit Court of Appeals has enumerated factors to consider on a motion to amend: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and/or (4) futility of the proposed amendment. *Loehr v. Ventura County Community College District,* 743 F.2d 1310, 1319 (9th Cir. 1984). Denial of a motion to amend a complaint is proper only when the amendment would be clearly frivolous or unduly prejudicial, would cause undue delay, or if a finding of bad faith is made. *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America,* 919 F.2d 1398, 1402

3

(9th Cir. 1990).

Plaintiffs argue that leave to amend to add SR91 should be granted because the request is timely and SR911 is not prejudiced.

**Delay/Bad Faith**

"[D]elay alone – no matter how lengthy – is an insufficient ground for denial of leave to amend." *Webb*, 655 F.2d at 980; *Hurn v. Retirement Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). In *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973), the Ninth Circuit Court of Appeals observed:

> The purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy.

Delay in combination with other factors may be sufficient to deny amendment. When "there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Hurn,* 648 F.2d at 1254; *see Morongo,* 893 F.2d at 1079 ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant"). Amendments to complaints are liberally allowed under the Federal Rules of Civil Procedure up to and even after trial, judgment, and appeal, in cases in which there is no harm to defendant from tardy amendment. *Tarango Trucking v. County of Contra Costa*, 181 F. Supp. 2d 1017 (N.D. Cal. 2001).

Plaintiffs argue there is no undue delay or bad faith by plaintiffs because the FHA claim had been dismissed by the Court and plaintiffs were not allowed to pursue it. Plaintiffs argue that Judge Coyle's order dismissing the FHA claim has been reversed on the merits. Plaintiffs argue that "[s]ince the Ninth Circuit reversed Judge Coyle's decision regarding the FHA, and stated that '[t]his case is remanded for further proceedings consistent with this Opinion,'" that providing leave to reallege the FHA claims against SR911 is the course most consistent with the Ninth Circuit's ruling." (Doc. 497 Moving papers p. 5.) Plaintiff argue that SR911 did not seek judgment to finalize its dismissal and thus, there was always the possibility the claim could be revived.

Defendant County and Sheriff argue that "[p]laintiffs have not properly moved to add a new

1  Defendant to the case in violation of Federal Rule of Civil Procedure 15." (Doc. 298, Opposition p.4.)
2  Defendants do not state any factual basis for their statement.

3  Indeed, following reversal by the Ninth Circuit, this Court directed plaintiff to file a motion for
4  leave to amend if plaintiff sought to add SR911. This motion thus followed. Therefore, the procedure
5  followed is proper.

6  Further, there is no evidence which would indicate a wrongful motive by plaintiffs in seeking
7  leave to amend. Plaintiff waited until the procedural merits of the FHA claim had been adjudicated, in
8  their favor, before seeking to re-add SR911 to this action. While the "delay" in seeking leave to amend
9  has been lengthy, some five years, the delay is not attributable to plaintiff's conduct. Plaintiff had the
10 legal option of pursuing a Rule 54 judgment in 2004 or waiting to resolve the issues on appeal when the
11 entire case concluded. Plaintiff elected to wait. SR911 also elected to wait. This SR911 election is now
12 raised as "undue delay" to stop the amendment because plaintiff exercised a legal, available right.
13 SR911 exercised that same option. While the Court does not find the existence of "undue delay," if in
14 fact any existed, the parties are *in pari delicto.* However, any "undue delay" for failure to obtain a Rule
15 54 judgment is attributable to SR911.

16 Defendant County and Sheriff do not explain why they believe plaintiffs "have not moved
17 properly" to add SR911 as a party. Therefore, the Court disregards this conclusory statement. The delay
18 is the result of the procedural posture of the case, culminating in the Ninth Circuit's decision. Plaintiffs
19 have not unduly delayed in this action.

20 **Prejudice**

21 Prejudice to the opposing party is the most critical factor in determining whether to grant leave
22 to amend. *Howey*, 481 F.2d at 1190. "The party opposing amendment bears the burden of showing
23 prejudice." *DCD Programs*, 833 F.2d at 187; *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540
24 (8th Cir. 1977). "[I]t is the consideration of prejudice to the opposing party that carries the greatest
25 weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice,
26 or a strong showing of any of the [other factors], there exists a *presumption* under Rule 15(a) in favor
27 of granting leave to amend." *Id.* at 1052 (emphasis in original). To justify denial of leave to amend, the
28 prejudice must be substantial. *Morongo Band of Mission Indians v. Rose*, 893 F2d 1074, 1079 (9th Cir.

5

1990).

### 1. Prejudice to Defendants County and Sheriff

Defendants County and Sheriff argue that it prejudicial to them at this late date to add SR911, not only to SR911 but "also to County and Sheriff." (Doc. 498, Opposition p.4-5.) Thus, County and Sheriff argue that both SR911 and County and Sheriff will be prejudiced by adding SR911.

County's and Sheriff's arguments do not support a finding of prejudice. First, County and Sheriff do not have standing to argue how the amendment will prejudice SR911. SR911 is a separate legal entity. County and Sheriff have not they provided any factual basis for arguing on SR911's behalf.

Further, as to any prejudice County and Sheriff may suffer, these defendants have provided only a conclusory statement. They do not explain how it is prejudicial to the County or to the Sheriff for this Court to permit plaintiffs to add SR911. They merely say they will be prejudiced. The Court will not speculate as to the prejudice these defendants may suffer. County and Sheriff have not carried their burden of showing prejudice. Thus, there is not any stated prejudice to the existing defendants.

### 2. Prejudice to SR911

While SR911 has not directly opposed this motion, in prior proceedings, the Court inquired into reinstating SR911. In a status hearing regarding the scope of the Ninth Circuit decision and whether SR911 was reinstated by the Ninth Circuit, SR911 filed an opposition to being added as a party. (Doc. 490, SR911 Response.) As it relates to its prejudice in this motion, SR911 argued that (1) SR911 was dismissed 5 years ago and has not participated in this case by discovery, experts or other litigation, and (2) the 911 tapes with the interaction between SR911 personnel and the community have been destroyed and thus important evidence no longer exists.[1]

Plaintiffs argue that SR911 has not been prejudiced. (Doc. 492, Response p. 7-8.) Plaintiffs

---

[1] SR911 argues that Plaintiffs are alleging that the dispatch times are inordinate and discriminates against Plaintiffs. (Doc. 490 Response p.5-6.) To determine the disparity, SR911 would go to the actual tapes, listen to them and make a determination as to what the cause for the difference in time for dispatching would be. SR911 points out that all tapes are now destroyed, given that SR 911 was not a party to this action and was not named in any of amended complaints. SR911 argues it had no reason to retain any of the tapes as evidence. Simply put, had SR 911 remained in this case, an analysis regarding the basis for the difference in time for dispatch could have been made. Was it due to dialect of the individuals calling, social/economic reasons of the individuals calling, educational level of those calling, hysteria or panic in the voice, the types of calls, or simply delays due to other factors such as delays in the state system which are not directly related to SR 911. SR911 argued that being unable to analyze the actual tapes and determine the basis for the difference in time, prejudices the defense of SR 911.

1  argue that there is no prejudice to SR911 because Plaintiffs are merely stating anew their original FHA
2  claim. (Doc. 497, Moving paper p. 5.) Plaintiffs argue whether SR911 now must prepare for trial is not
3  prejudicial because "SR911 can request from this Court any accommodation it wants by way of a trial
4  date or discovery deadline." The Court has already permitted an opening of discovery. Plaintiff argues
5  that the original FHA claim is being reasserted, of which SR911 has had full knowledge. Further,
6  plaintiff argues that destroying the tapes is not prejudicial because (1) the evidence was destroyed
7  prematurely, as it could be expected SR911 would be re-added as a party, and (2) the individual phone
8  calls are irrelevant, the process is at issue, but nonetheless, statistical evidence could be analyzed from
9  individual tapes of recent calls to explain disparity in dispatch times.

10  In balancing the prejudice to SR911 with the prejudice to plaintiffs, the Court finds that the
11  prejudice to plaintiffs outweigh prejudice to SR911. *See, e.g., Bell v. Allstate Life Ins. Co.*, 160 F.3d
12  452, 454 (8th Cir. 1998) ("Any prejudice to the nonmovant must be weighed against the prejudice to the
13  moving party by not allowing the amendment.") Plaintiffs are seeking to adjudicate important civil
14  rights against a public entity which serves the plaintiffs. These claims were known to SR911 long ago.
15  Absent the amendment, the claims would not be adjudicated.

16  The prejudice to SR911 is not insubstantial, but is not so substantial that it could be overcome.
17  For instance, the County and Sheriff have been parties to this litigation since its inception and will be
18  aligned with the interests of SR911. The Court will assist in granting SR911 access to discovery and
19  other pretrial proceedings necessary for full trial preparation. The need for additional discovery is
20  insufficient by itself to deny a proposed amended pleading. *Genentech, Inc. v. Abbott Laboratories*,127
21  F.R.D. 529, 531 (N.D. Cal. 1989).

22  Further, the lack of the individual 911 call tapes, while possibly significant, is not determinate.
23  The statistical evidence can be recreated by use of current call tapes and response times. While SR911
24  may not have the exact 911 tapes made during the relevant time, the Court is confident that expert
25  testimony could and would assist in the analysis of more recent calls. Thus, SR911 will not be without
26  evidence. Accordingly, the Court finds that the prejudice to plaintiff outweighs prejudice to SR911.

27  **B.    Claims Which have been Adjudicated**
28  Defendant County and Sheriff argue that the proposed Fourth Amended Complaint continues to

allege claims that have been adjudicated by this Court on the summary judgments and affirmed on appeal. Defendants argue that the FAC still contains claims based upon issues which have been adjudicated and affirmed on appeal:

(1) Discrimination in the provision of the infrastructure (FAC ¶47-51)

(2) Provision of parks and parks - related services (FAC ¶54-56)

(3) Bilingual services (FAC ¶45-46)

(4) Claim pursuant to Title VI (42 U.S. C §2000(d)

Plaintiffs incorporate all prior paragraphs to support their Equal Protection claim and these paragraphs contain claims or acts which have been adjudicated. (FAC ¶67) Defendants argue that each of the claims/acts was adjudicated in the summary judgment and either affirmed on appeal or not raised on appeal and thus fully adjudicated. Thus, defendants argue that plaintiffs cannot allege these violations because the acts/claims have been adjudicated.

Defendants also argue that plaintiffs allege "illegal dumping" which the parties stipulated would be expressly abandoned by plaintiff. (See Doc. 248, Joint Scheduling Order ("Plaintiffs also have dropped their claims against the County as to dumping, traffic signals and lighting."))

In this Court's Order Regarding Current Status of SR911, the Court stated:

> "If Plaintiffs wish to amend the third amended complaint to conform with the Ninth Circuit opinion, Plaintiffs shall file an appropriate the amended complaint within 10 days of the date that this order is filed." (Doc. 495, Order p.3) (emphasis deleted).

Plaintiffs argue that the purpose of the amended complaint is to bring the original FHA claim against SR911 and "to make as few other changes as possible." (Doc. 500, Reply p.5-6.) Plaintiffs left their allegations of disparate treatment in infrastructure spending while "Plaintiffs concede that they no longer have an equal protection claim based on the County's disparate infrastructure spending."

Here, the FAC does not conform to the Ninth Circuit opinion. As noted by the parties, and it is without dispute, that summary judgment as to certain alleged discriminatory conduct was affirmed on appeal. It is not the responsibility of this Court to delve through a lengthy complaint and numerous Court opinions to determine what claims and facts are left and what claims and facts are not left to be adjudicated. This is plaintiffs' obligation and it is their absolute duty to eliminate claims and facts which

1  have been resolved.

2  Therefore, plaintiffs are directed to meet and confer with defendants regarding the claims and
3  facts, before plaintiffs file their amended complaint. Plaintiffs shall file their amended complaint no
4  later than 30 days from the service of this order. The Court grants this 30-day period, which is twice that
5  which is normally granted, so that the parties may in good faith attempt to resolve this dispute. Plaintiffs
6  are admonished that failure to file an amended complaint which conforms to the Ninth Circuit's ruling
7  may result in this Court employing's its inherent sanction authority. In such event, the Court will
8  consider as part of a sanctions order, compensation for defendants' Rule 12 motions. Further, nothing
9  in this opinion affects the defendants' rights to Rule 12 motions or *ab initio* discovery. Such discovery
10 is a legal and necessary effect of the plaintiffs' election to bring SR911 back into this case after
11 discovery had proceeded without their presence.

## **CONCLUSION**

13 For the foregoing reason, the motion to amend the complaint is GRANTED in conformance with
14 this order.

15 IT IS SO ORDERED.

16 **Dated:   August 27, 2010**             /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE