IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE COMMITTEE CONCERNING COMMUNITY IMPROVEMENT, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF MODESTO, et al, <br><br> Defendants. _____/ | CASE NO. CV-F-04-6121 LJO DLB <br><br> **ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND STRIKE** |

Two separate motions to dismiss are pending before this Court. By notice filed on October 21, 2010, Defendant County of Stanislaus and Stanislaus County Sheriff (collectively "Stanislaus") moved to dismiss the Fourth Amended Complaint and moved to strike certain allegations. Also by notice on October 21, 2010, defendant Consolidated Emergency Dispatch Agency ("SR911") moved to dismiss the Fourth Amended Complaint. Plaintiffs filed an opposition to the motions on November 24, 2010. Defendants SR911 filed a reply on December 6, 2010. Defendant Stanislaus filed a reply on December 8, 2010. Pursuant to Local Rule 230(g), this matter is submitted on the pleadings without oral argument and the hearing vacated. Thereafter, the Court ordered the parties to meet and confer on the issue of plaintiffs' "standing," and ordered the parties to file a status report. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL OVERVIEW**

This action was originally filed on August 18, 2004. Plaintiffs' complaint alleged numerous federal and state law causes of action, including violations of the Fair Housing Act ("FHA") for the Defendants' failure to provide municipal services to the plaintiffs' neighborhoods. The sole claim alleged against SR911was for violation of the FHA. On December 20, 2004, U.S. District Judge Coyle (now retired) dismissed the FHA claim against SR911 without leave to amend, finding that plaintiffs could not pursue post-acquisition discrimination claims.

Thereafter, plaintiffs amended their complaint several times. These subsequent complaints contained allegations of discriminatory provision of law enforcement and emergency services. The First Amended Complaint, Second and the Third Amended Complaint did not name SR911 as a defendant. In four separate summary judgment orders, this Court entered judgment in favor of the City and County and against plaintiffs on plaintiffs' federal claims. As to the state law claims, the Court declined to exercise supplemental jurisdiction over these claims. Judgment was entered on the federal claims and plaintiffs appealed.

On October 8, 2009, the Ninth Circuit affirmed in part and reversed in part this Court's summary judgment decisions. In addition, the Court reversed the FHA claim, finding that the FHA applies to post-acquisition discrimination. The Ninth Circuit reinstated the FHA claim and acknowledged that SR911 had been dismissed in 2004, but did not address whether the order to reinstate the claim against SR911 also revived SR911 as a party.

Plaintiffs later moved to add SR911 as a defendant and to amend the complaint. This Court granted plaintiffs' motions.

**ANALYSIS AND DISCUSSION**

**A.   Standard for Motion to Dismiss**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint

in question, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008); *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). A claim has facial plausibility,"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.2d 962, 969 (9th Cir. 2009).

**B.    SR911's Motion**

SR911 renews the arguments it made when it opposed being added as a defendant. SR911 argues that plaintiffs abandoned and waived adding SR911 as a defendant. SR911 further argues it would be unduly prejudiced by being reinstated as a defendant.

    **1.    Abandonment of SR911 as a Party**

SR911's motion has arisen from a unique procedural posture involved in this case. SR911 argues plaintiff wilfully omitted SR911 from the amended complaints, thereby waiving any right to reinstate it, and instead chose to pursue joint liability against the City and County. In the appeal, plaintiff's did not designate SR911 as an appellee or respondent in their appellate briefs, nor to the Ninth Circuit, and thus, SR911 was not added to the briefing schedule. SR911 was not notified and did not participate in the appeal. SR911 argues that it has been abandoned as a party and was not reinstated by the Ninth Circuit. SR911 cites to numerous cases that it has been abandoned as a party and plaintiffs have waived the right to add SR911 as a party. (See Doc. 514 Moving papers p. 5-6.)

The Ninth Circuit's mandate to this Court, in pertinent part, states as follows: "This case is remanded for further proceedings consistent with this opinion." *The Committee Concerning Community Improvement v. City of Modesto*, 583 F.3d 690, 716 (9th Cir. 2009). Lower courts are bound to execute the terms of the Ninth Circuit's mandate. *See United States v. Carpenter*, 526 F.3d 1237, 1240–1241 (9th Cir. 2008) (district court's approval of settlement vacated where district court ignored Ninth Circuit

3

1  mandate to allow intervenors to fully participate in settlement proceedings). Although lower courts are
2  obliged to execute the terms of a mandate, they have discretion to do so. *United States v. Kellington*, 217
3  F3d 1084, 1092-93 (9th Cir. 2000) (the court may do "anything not foreclosed by the mandate"); *Edlin*
4  *v. M/V Truthseeker*, 69 F.3d 392, 393 (9th Cir. 1995) (A district court has discretion to consider
5  undecided issues after remand).

6  The Ninth Circuit's mandate did not foreclose this Court from considering matters undetermined
7  by the appeal. The appeal did not determine the status of SR911 as a party to the litigation. SR911's
8  status was not expressly or impliedly disposed of on appeal. The appeal, however, reinstated the FHA
9  claim. Since the FHA claim is now part of this case, this Court has discretion to determine who is a
10 party to that claim. SR911 had been previously named in that claim, and therefore, it was within this
11 Court's discretion to determine whether to reinstate SR911.

12 Further, SR911's argument that plaintiffs abandoned and waived adding SR911 lacks merit. The
13 Court agrees with plaintiffs that the cases cited by SR911 are distinguishable. Those cases involved
14 amendments where the plaintiff was granted leave to amend but voluntarily abandoned the claim in the
15 amended complaint. For instance, in *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981),
16 plaintiff's complaint was dismissed with leave to amend, but upon amendment, plaintiff failed to
17 reallege violation of Title VII. The Ninth Circuit held that plaintiff waived her Title VII claims for
18 failure to reallege them in her amended complaint. *London*, 644 F.2d at 814. Similarly, in *Forsyth v.*
19 *Humana, Inc.*, 114 F.3d 1467 (9th Cir. 1997), plaintiff filed an amended complaint and did not include
20 allegations for which leave to amend had been granted. The Ninth Circuit stated that, "[i]f a plaintiff
21 fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any
22 error in the ruling dismissing the prior complaint." *Id.* at 1474.

23 The recent case of *New York City Employees' Retirement System v. Jobs*, 593 F.3d 1018 (9th Cir.
24 2010), cited by SR911 to support "abandonment," actually supports this Court's granting plaintiffs'
25 leave to amend to add SR911. In *New York City Employees' Retirement System*, the district court denied
26 leave to amend a consolidated complaint to reallege a claim that had been asserted in the initial
27 complaint, but which was omitted from the consolidated complaint. The district court had applied Rule
28 15 and found that plaintiff had waived realleging the claim. The Ninth Circuit reversed the district court

and stated, "We have never held, however, that a plaintiff who omits previously dismissed claims from an amended complaint waives his right to reallege these claims in further amendments at the district court level." While *New York City Employees' Retirement System*, did not involve amendments following remand after an appeal, it is nonetheless applicable. *New York City Employees' Retirement System* distinguished cases where the plaintiff <u>elected</u> not to reallege certain claims in the amended complaint.

Here, unlike in *London*, plaintiffs' claim under the FHA was dismissed by the Court without leave to amend. Plaintiffs did not "elect" to delete the claim on amendment. Plaintiffs were precluded from amending the complaint to reallege the FHA claim against SR911 because the Court dismissed the claim without leave to amend. Plaintiffs did not have the right to reallege the dismissed FHA claim against SR911. Thus, plaintiffs did not abandon their FHA claim against SR911 because plaintiffs did not elect to do so. This Court has permitted the amendment and finds no grounds that SR911 has been abandoned.

### 2. Prejudice from Realleging the FHA Claim

SR911 argues that it is prejudiced by realleging the FHA after the appeal and after the long pendency of this action. SR911 moves this Court, pursuant to Rule 12(b)(6), to dismiss the FHA claim against it on the grounds that the claim imposes undue prejudice.[1]

SR911's arguments do not address the merits of the FHA claim. SR911 does not argue whether the allegations of the FHA claim are plausible on their face or factually insufficient. Rather, SR911 relies upon abandonment and prejudice that the claim should be dismissed. A Rule 12(b)(6) motion is similar to the common law general demurrer; it tests the legal sufficiency of the claim or claims stated in the complaint. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). "Claim" means a set of facts that, if established, entitle the pleader to relief. *Bell Atlantic Corp. v. Twombly*, 550 US 544, 555, 127 S.Ct. 1955 (2007).

Whether a party may suffer "prejudice" is not a ground upon which a claim may be dismissed

---

[1] SR911 acknowledges that this Court previously has permitted the amendment to allege the FHA claims against SR911. The Court ruled there was insufficient prejudice to SR911, and that the prejudice to plaintiffs outweighed the prejudice to SR911. SR911 states that it is rearguing its position to preserve the issue for appeal.

under Rule 12(b)(6). A Rule 12(b)(6) motion challenges the legal sufficiencies of the complaint. A 12(b)(6) motion made on ground of "prejudice" is insufficient to sustain granting the motion. Further, in previous orders, this Court has considered and evaluated the prejudice to SR911. (See Doc. 501, Aug. 27, 2010 Order p. 6-7.) Accordingly, the motion to dismiss on the grounds of prejudice will be denied.

**C.     Stanislaus's Motion**

Defendant Stanislaus moves to dismiss the complaint on the following grounds (1) plaintiffs lack standing to sue on behalf of the Rouse-Colorado and Robertson Road neighborhoods because the plaintiff who are residents or property owners in these neighborhoods have moved or passed away, (2) challenges to the Salida and Keyes neighborhood projects should be dismissed because plaintiff failed to comply with the requirements of the California Validation statutes, (3) Paragraph 39, pertaining to provision of street lights, should be stricken because the allegation was previously dismissed from the case.

**1.     Standing of the Plaintiffs**

Stanislaus argues that the current plaintiffs lack standing to sue on behalf of the Rouse-Colorado and Robertson Road neighborhoods. Plaintiffs admit "all of the plaintiffs who were residents or property owners in Robertson Road or Rouse-Colorado have either passed away or sold their property in those neighborhoods" since the time that original Complaint was filed. Plaintiffs argue that the remaining plaintiffs can challenge discriminatory policy that equally affects both their neighborhoods and others similarly situated.

After these motions were fully briefed, plaintiffs submitted correspondence indicating new plaintiffs are intended to be added who reside in the Rouse-Colorado neighborhood and Robertson Road neighborhood. This Court directed the parties to meet and confer on the issue of standing and the potential new plaintiffs. Therefore, the Court will reserve this issue until after the parties meet and confer. The Court will deem the matter submitted on January 6, 2011 when the parties submit their report and thereafter will decide the issue of standing, if necessary.

**2.     Stanislaus' Arguments as to the Remainder of the Motion**

Stanislaus argues that the state law causes of action pertaining to infrastructure and the provision of municipal services (Gov. Code §§11135 and 12955) are barred by the limitations mandated by the

6

California validation statutes.

California validation statutes (Cal.Code.Civ.P. §860-870) authorize a public agency or an interested person to bring an action to validate certain municipal matters. The validation statutes contain a 60-day statute of limitations. If a validation action is not brought within the 60-day window, challenges to the municipal action are waived.

County argues that the Fourth Amended Complaint is within the validation statutes. (Doc. 511, Moving papers p. 8, citing FAC ¶45-46.) Stanislaus argues that plaintiffs challenge the County's decision to designate and/or expend funds for municipal projects other than infrastructure in their own neighborhoods. Stanislaus argues that plaintiffs challenge the County's decision to fund projects in Salida and Keyes. Stanislaus argues that its Redevelopment Agency authorized the expenditure of funds and incurring debt related to the Keyes and Salida projects:

- On June 22, 1999, the Agency unanimously authorized the purchase of a portion of property for providing storm water retention capacity for the Salida project.
- On June 20, 2000, the Agency unanimously approved to increase its indebtedness by increasing the loan it received from Rural Development from $3.1 million to $4.6 million for the Salida storm drainage project.
- On August 12, 2003, the Redevelopment Agency authorized the issuance and sale of tax allocation bonds to secure a $4.525 million loan.
- On November 15, 2005, the Agency unanimously approved the issuance and sale of a not-to-exceed $20 million principal amount of tax allocation bonds to fund the Keyes project.
- On February 26, 2008, the Agency approved an agreement for $1,927,160.00 with an outside firm to provide construction management of the Keyes storm drain project.
- On November 4, 2008, the Agency awarded the contract for the construction of the Keyes storm drain system.

Stanislaus argues that since its actions involved approval of expenditure of public funds and an increase in debt for a public agency, its actions are subject to the validation statutes. Stanislaus argues that whether the validation statutes apply is determined independently of the legal theories that Plaintiffs

assert. Instead, the evaluation is premised on the nature of the governmental action at issue. Plaintiffs here challenge the County's decisions to allocate funding to infrastructure projects in the communities of Salida and Keyes rather than in their own neighborhoods.

### 3.     Plaintiffs' Arguments

Plaintiffs argue they bring claims under the Fair Employment and Housing Act and under Cal. Gov.Code §11135.  Neither statute requires or authorizes bringing validation action.  Plaintiffs state a claim because both the FEHA and Gov. Code § 11135 contain their own statutes of limitations.  Further, plaintiffs are not challenging the validity of bonds issued by the County.  Plaintiffs use the Keyes and Salida projects as examples of the County's discriminatory prioritization of infrastructure spending, but plaintiffs do not challenge the validity of the Keyes and Salida projects.  Further, plaintiffs argue defendants incorrectly apply the validation statutes and that such application would chill challenges to pattern and practice discrimination.

### 4.     Validation Statute

A "validation proceeding" is a lawsuit filed and prosecuted for the purpose of securing a judgment determining the validity of a particular local governmental decision or act. *Blue v. City of Los Angeles*, 137 Cal. App. 4th 1131, 41 Cal. Rptr. 3d 10 (2006).  The validation statutes test "the validity of [public agencies'] bonds or assessments or the legality of their existence." *City of Ontario v. Superior Court*, 2 Cal.3d 335, 340, 85 Cal.Rptr. 149 (1970).  A key objective of a validation action is to limit the extent to which delay due to litigation may impair a public agency's ability to operate financially. *Friedland v. City of Long Beach*, 62 Cal.App.4th 835, 843, 73 Cal.Rptr.2d 427, 431 (1998).

The validation statutes (Civ.Proc. § 860 et seq.) do not specify the matters to which they apply. Rather, they apply to " any matter which under any other law is authorized to be determined pursuant to this chapter ...." Code Civ. Proc. § 860.  California courts look to other statutes and cases that have interpreted them to determine the scope of public agency actions that are subject to validation under the validation statutes.[2]  *California Commerce Casino, Inc. v. Schwarzenegger*, 146 Cal.App.4th 1406,

---

[2] For instance, Cal.Gov.Code §53511 provides: "A local agency may bring an action to determine the validity of its bonds, warrants, contracts, obligations or evidences of indebtedness pursuant to Chapter 9 (commencing with Section 860) . . ."

1430, 53 Cal.Rptr.3d 626 (2007) ("contracts subject to validation under Government Code section 17700 are those that are in the nature of, or directly relate to the state or a state agency's bonds, warrants, or other evidences of indebtedness"). *Kaatz v. City of Seaside*, 143 Cal.App.4th 13, 31, 30, 49 Cal.Rptr.3d 95, 121 (2006) (the city's conveyance of property to developer and contract with developer was not subject to the validation statutes.)  Not all contracts are subject to validation under statute authorizing agency to bring action to determine validity of "its bonds, warrants, contracts, obligations, or evidences of indebtedness," only those that are in the nature of, or directly relate to the state or a state agency's bonds, warrants, or other evidences of indebtedness. *Hollywood Park Land Co., LLC v. Golden State Transp. Financing Corp.,* 178 Cal.App.4th 924, 935, 100 Cal.Rptr.3d 752 (2009).  And, the validation statutes are construed narrowly.  *City of Ontario*, 2 Cal.3d at 342, followed in *Kaatz v. City of Seaside*, 143 Cal.App.4th 13, 48, 30, 49 Cal.Rptr.3d 95, 121 (2006); *Fontana Redevelopment Agency v. Torres*, 153 Cal.App.4th 902, 911, 62 Cal.Rptr.3d 875 (2007) (settlement agreement that required redevelopment agency to deposit redevelopment revenues into housing fund did not fit Govt.C. 53511's narrow definition of "bonds, warrants, contracts, obligations or evidences of indebtedness" used to secure financing for redevelopment; therefore, validation action was not proper vehicle for challenging settlement.); *Friedland v. Long Beach*, 62 Cal.App.4th 835, 844, 73 Cal.Rptr.2d 427 (pledge of public funds to insure repayment of nonprofit corporation's revenue bonds was proper subject of validation action, because if plaintiffs' challenge were successful, the pledge of funds would be invalidated).

Here, plaintiffs challenge the discriminatory provision of public services.  Relevant allegations of the FAC are as follows:

> 63. Defendants, through public land use practices, decisions, and authorizations, provide municipal services as described herein in a manner that discriminates against Plaintiffs based in substantial part on the race, ethnicity, ancestry, color or national origin of the residents of the Latino Unincorporated Neighborhoods in violation of California Government Code § 12955(l).
>
> 67. Defendants provide such services in a manner that has the purpose or effect of unlawfully denying Plaintiffs full and equal access to the benefits of programs that are funded directly by, conducted, operated and administered by, and/or receive financial assistance from the state, based in substantial part on the race, national origin, ethnic group identification, ancestry or color of the residents of the Latino Unincorporated Neighborhoods in violation of California Government Code § 11135(a) and its implementing regulations.

> 68. Defendants provide such services in a manner that has the purpose or effect of subjecting Plaintiffs to discrimination under programs that are funded directly by, conducted, operated and administered by, and/or receive financial assistance from the state, based in substantial part on the race, national origin, ancestry, ethnic group identification, or color of the residents of the Latino Unincorporated Neighborhoods in violation of California Government Code § 11135(a) and its implementing regulations.

At this stage of the litigation, the Court agrees with plaintiffs' arguments. As plead, plaintiffs are not challenging the authority of the governmental bodies to undertake financing obligations. Plaintiffs are not challenging any financing obligation, any bond, or any contract, in particular or any specific projects or allocations of funding to specific projects, per se. Plaintiffs do not seek to invalidate any of the bond issuances or allocations related to the Keyes or Salida projects. Plaintiffs challenge the policies, practices and procedures for establishing funding priorities which plaintiffs contend are intentionally discriminatory. Plaintiffs are challenging the overall scheme of decision making which places a priority of funding improvements to white, as opposed to Hispanic, neighborhoods. In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint in question, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008). Whether plaintiffs' claims will require, in effect, reallocation of funding among projects or jeopardize bond funding allocated to projects, is a factual matter not appropriate for a motion to dismiss. "The gravamen of a complaint and the nature of the right sued upon rather than the form of the action or relief demanded, determine which statute of limitations applies." *McLeod v. Vista Unified School Dist.,* 158 Cal.App.4th 1156, 1165, 71 Cal.Rptr.3d 109 (2008).

**D.    Standards for Motion to Strike**

Fed.R.Civ.P. 12(f) empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those

issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994). "[A] motion to strike may be used to strike any part of the prayer allege relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).

Here, Stanislaus moves to strike paragraph 39 of the FAC. (Doc. 508.) Paragraph 39 alleges inadequate street lighting as follows:

> "Even though they are essentially urban, the Latino Unincorporated Neighborhoods have few or no street lights or have only recently obtained street lights. The lack of street lights contributes to dangerously high levels of street crime and illegal dumping of trash and junk. Many families who live in the Latino Unincorporated Neighborhoods where there are no street lights are afraid to allow their children outside after dusk because of the dangers they face as a result of the heightened crime levels." (Doc. 508, FAC ¶39.)

Defendant moves to strike on the grounds that plaintiff has dismissed their claims for inadequate street lighting.

Plaintiffs argue that Defendant did not object to the allegation when plaintiffs provided a draft of the FAC for defendants review and approval.[3] Plaintiffs further argue that the allegation of lighting deficiencies are not incorporated into the plaintiffs' Equal Protection claim or the FHA claim. Plaintiffs argues that the allegation does not alter plaintiffs' claims for trial.

Here, plaintiffs voluntarily dismissed their claims for inadequate and discriminatory provision of street lighting. In the parties' Joint Proposed Scheduling Order, the parties agreed that "Plaintiffs also have dropped their claims against the County as to dumping, traffic signals and lighting." (Doc. 248, Joint Scheduling, p.2:8-9.) Plaintiff acknowledges that the allegation about street lighting is not incorporated into any claim for relief. The allegation is therefore irrelevant to any claim for relief. The allegation has no bearing on the subject matter of the litigation, and could lead to confusion and unnecessary expenditure of time and effort.

---

[3] Plaintiffs provided a draft of the FAC to defendants to review because this Court granted plaintiffs leave to file the Fourth Amended Complaint on August 27, 2010, and directed plaintiffs "to meet and confer with defendants regarding the claims and facts, before plaintiffs file their amended complaint."

Further, defendant did not waive its right to move to strike allegations as a result of the meet and confer process. In the Court's order requiring the parties to meet and confer, the Court did not hold that defendant would thereby forego its rights under Rule 12 to challenge the amended complaint. Accordingly, paragraph 39 will be stricken from the Fourth Amended Complaint.

## **CONCLUSION**

For the foregoing reasons, this Court orders as follows:

1. The Court DENIES Consolidated Emergency Dispatch Agency's motion to dismiss.
2. The Court DENIES County of Stanislaus's and Stanislaus County Sheriff's motion to dismiss.
3. The Court reserves the issue of plaintiffs' standing to assert the claims until the parties file their joint report on their meet and confer on or before January 6, 2011.
4. The Court GRANTS the motion to strike paragraph 39 of the Fourth Amended Complaint.

IT IS SO ORDERED.

**Dated:   January 3, 2011**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE