IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE COMMITTEE CONCERNING COMMUNITY IMPROVEMENT, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF MODESTO, et al, <br><br> Defendants. _____/ | CASE NO. CV-F-04-6121 LJO DLB <br><br> **ORDER ON PLAINTIFFS' MOTION TO FILE A FIFTH AMENDED COMPLAINT** |

By notice filed on January 24, 2010, plaintiffs move to amend the complaint to add three new plaintiffs to the complaint. Defendant County of Stanislaus and the Stanislaus County Sheriff filed an opposition on January 31, 2011. Defendant City of Modesto also filed an opposition on January 31, 2011. Defendant Consolidated Emergency Dispatch Agency filed a joinder in the oppositions on February 3, 2011. Plaintiffs filed a reply brief on February 7, 2011. Pursuant to Local Rule 230(g), this motion is submitted on the pleadings without oral argument, and the hearing set for February 28, 2011 is VACATED. Having considered the moving, opposition and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL OVERVIEW**

This case has a long history, which is well known to the parties to this litigation. That history will not be repeated here. As relevant to this motion, plaintiffs seek to file a Fifth Amended Complaint ("FAC") to add new plaintiffs. The FAC seeks to add three new plaintiffs: Gabriel and Gloria Iracheta

1

and Esperanza Magana.  Gabriel and Gloria Iracheta reside in the Rouse-Colorado neighborhood. Esperanza Magana resides in the Robertson Road neighborhood.  Other residents of these two neighborhoods, who were plaintiffs in this action, have either passed away or moved away. As a result, in a prior motion, this Court held that the other original plaintiffs lacked standing to assert the claims of the deceased or absent plaintiffs.  The Court directed plaintiffs to file a motion to amend their Complaint as to the parties that they now seek to substitute for the original plaintiffs in this case. Plaintiffs now move to add these new plaintiffs.

**ANALYSIS AND DISCUSSION**

Fed.R.Civ.P. 15(a) provides that after service of a responsive pleading, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Granting or denial of leave to amend rests in the trial court's sound discretion and will be reversed only for abuse of discretion.  *Swanson v. United States Forest Service,* 87 F.3d 339, 343 (9th Cir. 1996).  In exercising discretion, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

The party seeking leave to amend need only establish the reason why amendment is required ("justice" so requires).  The F.R.Civ.P. 15(a) policy to freely give leave to amend when justice so requires is to be applied with extreme liberality.  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("It is, however, subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice").

**A.   Factors for Amendment**

The Ninth Circuit Court of Appeals has enumerated factors to consider on a motion to amend: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and/or (4) futility of the proposed amendment. *Loehr v. Ventura County Community College District,* 743 F.2d 1310, 1319 (9th Cir. 1984). Denial of a motion to amend a complaint is proper only when the amendment would be clearly frivolous or unduly prejudicial, would cause undue delay, or if a finding of bad faith is made.  *United Union of*

*Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America,* 919 F.2d 1398, 1402 (9th Cir. 1990). The Ninth Circuit holds that these factors are not of equal weight; "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Plaintiffs argue that leave to amend should be granted because the request is timely and defendants are not prejudiced. Plaintiffs pursued amendment timely and in good faith. Plaintiffs worked diligently to identify other residents of the Rouse-Colorado and Robertson Road and then moved to amend when the Court held the other plaintiffs could not represent these neighborhoods. Rouse-Colorado and Robertson Road are an integral part of the case and leave to add the Irachetas and Ms. Magana simply restores the *status quo*. Plaintiffs suggest that since no discovery cut off has yet been set, defendants could take the depositions of these newly named plaintiffs.

Defendants County of Stanislaus and the City of Modesto argue that the amendment is unduly prejudicial and that the amendment is futile. County and City argue that the amendment is prejudicial because these are new plaintiffs who are asserting new claims. Each new party brings with them new facts and circumstances which must be investigated. This action is not a class action where a new plaintiff represents a class of persons. Each new person represents his or her own interests. The plaintiffs do not represent the interests of an entire neighborhood because this case is not a class action. The case has been pending for over six years and to interject new parties at this late date will unduly complicate and extend the case unnecessarily.

County and City also argue that the amendment is futile. The claims are barred by the two-year statute of limitations. There is no relation back to the original complaint because defendants had no notice of these potential plaintiffs' claims, the facts are individual to the new plaintiffs, and plaintiffs cannot merely "piggy back" on other persons' claims.

**B.     The Amendment will Unduly Prejudice Defendants**

Prejudice to the opposing party is the most critical factor in determining whether to grant leave to amend. *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187; *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). "[I]t is the consideration of prejudice to the opposing party that

carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the [other factors], there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052 (emphasis in original). To justify denial of leave to amend, the prejudice must be substantial. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The need for additional discovery is insufficient by itself to deny a proposed amended pleading. *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 531 (N.D. Cal. 1989). "Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

Here, defendants will suffer prejudice from the addition of new and different plaintiffs to this action. The unique procedural posture of this case warrants denial of adding new plaintiffs at this late date. The case has been pending for over six years. The parties initially engaged in extensive, contested and complicated discovery. The case was set for trial and motions for summary judgment were filed and decided. The grant of the summary judgment motions were appealed and partially reversed. After remand, this Court permitted an amendment to add an additional defendant, SR911, based upon rulings of the Ninth Circuit. The Court reopened discovery for the limited purpose of exploring the claims against this newly added defendant, SR911. Discovery otherwise had been completed years previously.

Defendants are correct; this case is not a class action. This case is brought by individuals to vindicate individual rights and discriminatory practices <u>that these plaintiffs suffered.</u> The individuals do not represent an entire neighborhood; they represent their own interests. The Court agrees with defendants that permitting new plaintiffs to be substituted in, as if this were a representative action, would disregard Rule 23 procedural hurdles necessary for plaintiffs to act in a representative capacity. Simply put, the new plaintiffs bring new claims and new facts. It is unduly prejudicial after six years of litigation, extensive law and motion practice, and preservation of appellate right, for new plaintiffs to be added with a "me too" argument. The Court will not start this case over from square one. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a).") (internal quotes omitted).

Plaintiffs cite *In re Glacier Bay*, 746 F.Supp. 1379 (D.Alaska 1990) for the proposition that the addition of new plaintiffs who are similarly situated to the original plaintiffs does not cause defendants

4

any prejudice. *Glacier Bay*, however, was a class action where the substitution of parties was permitted because the plaintiffs were "similarly situated" as the class. Here, each plaintiff brings unique claims, long after the parties have fully and extensively litigated their rights and obligations.

Plaintiffs argue that there is no prejudice because "all defendants did" for discovery was take the plaintiffs' deposition "for an hour or two." Plaintiffs argue that all defendants would be doing is "litigating the case they have been litigating from the beginning." (Doc. 538, Reply p. 7.) Plaintiffs argue that without the amendment, defendants would "profit from the fortuity that this case has gone on for sufficiently long that it has outlived the [residents]."

Here, discovery alone is not the sole measure of the prejudice. After years of litigation, adding these new plaintiffs would be starting anew discovery, pretrial and law and motion proceedings. Indeed, this Court resolved extensive law and motion, and adding new plaintiffs at this juncture would result in expending scarce judicial resources, once again, on the same issues. The Court would need to reopen discovery and further delay proceedings while the defendants explored the claims of new plaintiffs. Defendants would have to conduct discovery on each new plaintiffs, years after discovery has concluded. For plaintiffs to take the position that no prejudice exists because "no discovery cut-off is set," over simplifies the complex procedural history of this case. The new plaintiffs would be interposing new or different facts at this late stage in the litigation. Law and motion would need to be conducted; whereas the issues currently are fairly settled between the parties. The need to completely redo discovery and extensive law and motion, and therefore the delay in the proceedings, is unduly prejudicial.[1] *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999). Accordingly, this Court finds that the amendment would be unduly prejudical to defendants. For this reason, the motion will be denied.

**C.    Amendment would be Futile**

Even if the Court did not find prejudice, the Court finds the amendment is futile.

A motion to amend "is to be liberally granted where from the underlying facts or circumstances,

---

[1] Defendants note that since this is not a class lawsuit, discovery will need to be conducted on the following as examples: "the nature and location of their respective properties, how long they have lived in their homes, whether they have experienced flooding or other problems with standing water, whether their homes remain on septic systems the condition of the septic systems, whether they have ever called for emergency police services, and so forth." (Doc. 534, Opposition p.7.)

the plaintiff may be able to state a claim." *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982); *DCD Programs*, 833 F.2d at 186. Denial of leave to file an amended complaint is appropriate where an amendment is futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Before discovery is complete, a "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul*, 928 F.2d at 843; *Roth v. Garcia Marquez*, 942 F.2d 617, 628-629 (9th Cir.1991) (amendment to specifically plead additional facts relevant to a claim the court had already considered would be futile because the claim "would certainly be defeated on summary judgment").

Here, the claims would be futile because they would be barred by the applicable statute of limitations. The statute of limitations for civil rights causes of action pursuant to section 1983 is determined by state law. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997). Civil rights claims are deemed personal injury claims for the purposes of determining the statute of limitations. *Torres*, 108 F.3d at 226. Plaintiffs' claims are subject to a two-year statute of limitations. *The Committee Concerning Community Improvement v. City of Modesto*, 583 F.3d 690, 701-702 (9th Cir. 2009); Cal. Gov. Code § 12989.1 (FEHA claims). The new plaintiffs' claims would be subject to the applicable statute of limitations from the date they entered the case. These claims would be barred.

Plaintiffs do not dispute that the new plaintiffs' claims would be barred by the statute of limitations. Rather, plaintiffs argue the new plaintiffs' claims would relate back to the filing of the original complaint.

Relation back of amendments is governed by Fed.R.Civ.P. 15(c). "An amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *In re Syntex Corp. Secs. Litig.*, 95 F.3d 922, 935 (9th Cir.1996) (citing *Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278-79 (9th Cir.1982)). Notice to defendant is

the critical inquiry in determining whether to apply relation-back doctrine. *Besig v. Dolphin Boating & Swimming Club*, 683 F.2d at 1271. Further, the Ninth Circuit has held that an amendment adding or substituting plaintiffs will relate back if there is an identity of interests between the plaintiffs. *See Bowles v. Reade*, 198 F.3d 752, 761 (9th Cir. 1999); *see also Besig*, 683 F.2d at 1278 ("Unless the substituted and substituting plaintiffs are so closely related that they in effect are but one, an amended complaint substituting plaintiffs relates back only when the relief sought is sufficiently similar to constitute an identity of interest.").

Relation back is inapplicable to the present action. As discussed above, and for the same reasons, the Court finds that the relation back would be unduly prejudicial to defendants.

Further, there is neither identity of interest between the newly proposed plaintiffs and the former plaintiffs nor adequate notice to defendants. Each plaintiff has independent claims. No claims derive from one other. No notice was provided to defendants that these plaintiffs may assert these claims. For instance, in *Immigrant Assistance*, the court permitted a relation back to add new plaintiffs to a class action because the plaintiffs were "similarly situated" as the original class members. *See Immigrant Assistance Project of L.A. County Fed'n of Labor v. I.N.S.*, 306 F.3d 842, 857 (9th Cir. 2002) (providing that relation back applies when, among other things, "the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff"). *See Gallagher Bassett Services, Inc. v. Aghishian*, 2009 WL 982070 (C.D.Cal. 2009) ("identity of interest" found for a real party in interest to substitute in for plaintiff subrogee). Each plaintiff asserts new and independent claims for which defendants did not have notice. Accordingly, leave to amend would not relate back and would be futile.

## CONCLUSION

For the foregoing reasons, the motion to amend the complaint is DENIED.

The parties shall contact the chambers of Magistrate Judge assigned to this case to set a Scheduling Conference.

IT IS SO ORDERED.

**Dated:   February 8, 2011**             /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE